UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABA MARITIME S.A.<br>53d Street Urbanization Obarrio,<br>16th Floor, Panama<br>Republic of Panama<br><br>v.<br><br>KELLY SPARKS-STAUFFER<br>1324 College Hill Drive<br>Cheyney, PA 19319 | Civil Action No. _____<br><br><br><br><br>**COMPLAINT** |

Baba Maritime S.A. brings this complaint against Kelly Sparks-Stauffer and avers as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1333(1).

3. Venue lies in this district because the defendant is a resident of the Commonwealth of Pennsylvania.

## PARTIES

4. Baba Maritime S.A. is a corporation organized and existing under the laws of the Republic of Panama and was at all relevant times the registered owner of the M/V NORD EXPLORER.

1

PBH503192.1

5. Kelly Sparks-Stauffer (hereafter "Pilot Sparks") is a licensed first-class pilot and member of the Pilots' Association for the Bay & River Delaware, and resides in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

6. The M/V NORD EXPLORER is a 58,803 gross-ton bulk carrier built in 2008.

7. The M/V NORD EXPLORER is registered in Panama City, Republic of Panama, and has a length overall of 189.99 meters and a breadth of 32.26 meters.

8. On April 14, 2015 the M/V NORD EXPLORER completed discharge of its cargo at Grows Terminal, in Morrisville, Pennsylvania.

9. For the transit of the Delaware River from Grows Terminal to the Delaware Bay, the M/V NORD EXPLORER was required by law to engage the services of a compulsory pilot.

10. During compulsory pilotage, the pilot directs the navigation of the vessel.

11. Pilot Sparks boarded the M/V NORD EXPLORER at Grows Terminal at approximately 12:48 a.m. on April 14, 2015.

12. At approximately 1:42 a.m. on April 14, 2015, Pilot Sparks assumed control of the navigation of the vessel.

13. When Pilot Sparks assumed the pilotage responsibility, she provided the steering and engine orders and otherwise directed the navigation of the M/V NORD EXPLORER.

14. During the transit from Grows Terminal, the M/V NORD EXPLORER proceeded downriver under the direction of Pilot Sparks.

15. While the M/V NORD EXPLORER was transiting the Mud Island Shoal Range in the Delaware River, Pilot Sparks caused the M/V NORD EXPLORER to ground outside of the navigation channel at approximately 3:30 a.m. on April 14, 2015.

16. As a result of the foregoing grounding, the vessel suffered extensive hull damage.

17. The direct and proximate cause of the casualty was Pilot Sparks' failure to keep the vessel within the confines of the navigation channel.

18. The vessel remained aground until approximately 7:00 a.m. when she was refloated, and then shifted to Tioga Marine Terminal for inspection by divers.

19. The M/V NORD EXPLORER later shifted to Philadelphia Ship Repair where temporary repairs were performed.

20. Permanent repairs were later performed at Tsuneishi Dockyard in the Philippines.

21. The grounding outside the navigation channel caused substantial physical damage to the vessel and caused Plaintiff to incur extensive economic losses totaling no less than $8,390,814.

## COUNT I
### Negligence

22. Plaintiff incorporates by reference each and every averment set forth in paragraphs 1 through 21 above.

23. A compulsory pilot is charged with a high degree of competence, skill, and expertise in navigation, ship handling and local knowledge of the particular waters for which she is licensed.

24. When a vessel runs aground or strikes an object or obstruction while under the direction of a compulsory pilot, there is a presumption that the pilot was negligent.

25. Pilot Sparks failed to exercise the high degree of care and competence required of a pilot and caused the M/V NORD EXPLORER to ground outside the navigation channel, and she is therefore liable for the resulting losses and damages.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Kelly Sparks-Stauffer in an amount no less than $8,390,814, plus costs, interest, and attorneys' fees, and that Plaintiff have such further relief as may be appropriate.

## COUNT II
### Breach of Warranty of Workmanlike Performance

26. Plaintiff incorporates by reference each and every averment set forth in paragraphs 1 through 25 above.

27. M/V NORD EXPLORER was required by law to engage the services of Pilot Sparks.

28. Pilot Sparks was engaged on behalf of Plaintiff to provide compulsory pilotage services to the M/V NORD EXPLORER.

29. Pilot Sparks owed a warranty of workmanlike performance in rendering pilotage services.

30. Pilot Sparks beached her warranty of workmanlike performance when she caused the M/V NORD EXPLORER to ground outside of the navigation channel and sustain damage.

31. Pilot Sparks' breach of her warranty of workmanlike performance caused Plaintiff to incur substantial losses and damages.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Kelly Sparks-Stauffer in an amount no less than $8,390,814, plus costs, interest, and attorneys' fees, and that Plaintiff have such further relief as may be appropriate.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: *[signature]*
Michael B. McCauley
Kevin G. O'Donovan
Mccauley@pbh.com
190 N. Independence Mall West,
Suite 401
Philadelphia, PA 19106
(215) 625-9900

Dated: April 12, 2017

PBH503192.1